IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAI DI INGRAM, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 23-565 |
| ) | |
| v. ) | District Judge David S. Cercone |
| ) | Magistrate Judge Maureen P. Kelly |
| PBPP; *and* MICHAEL ZAKEN, ) | |
| ) | Re: ECF No. 17 |
| Respondents. ) | |

## **MEMORANDUM ORDER**

Petitioner Kai Di Ingram ("Petitioner") is a state prisoner currently incarcerated at the State Correctional Institution at Greene ("SCI-Greene") in Waynesburg, Pennsylvania.

Currently before this Court are Petitioner's Motion for Bail, ECF No. 17, and supporting brief, ECF No. 18. For the reasons that follow, Petitioner's Motion will be denied.

In general, this Court has the authority to grant bail pending review of a petition for habeas corpus. Landano v. Rafferty, 970 F.2d 1230, 1239 (3d Cir. 1992) (reversing the district court's decision and holding that there was insufficient basis for bail pending habeas review where no extraordinary circumstances existed); Lucas v. Hadden, 790 F.2d 365, 367 (3d Cir. 1986) (reversing the district court's decision and holding that bail pending habeas review was not appropriate because petitioner had not made a showing of extraordinary circumstances).

However, "[a] preliminary grant of bail is an exceptional form of relief in a habeas corpus proceeding." Landano, 970 F.2d at 1239. "[B]ail pending post-conviction habeas corpus review is available only when the petitioner has raised substantial constitutional claims upon which he has a high probability of success, and also when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective." Id. (internal quotes and cite removed). The standard is conjunctive; that is, Petitioner must establish both a substantial

1

constitutional claim upon which he has a high likelihood of success and extraordinary circumstances for us to grant him bail. Hudler v. Union Cty., No. 21-cv-05, 2021 WL 963452, at *2 (M.D. Pa. Mar. 15, 2021); Cooley v. Atty Gen., No. 10-cv-02, 2011 WL 13193263, at *1 (W.D. Pa. Feb. 1, 2011); Vega v. United States, 514 F. Supp.2d 767, 770-74 (W.D. Pa. 2007). In Landano, the United States Court of Appeals for the Third Circuit noted further that "very few cases have presented extraordinary circumstances," and those cases have generally been limited to situations involving severe health problems or the impending completion of the prisoner's sentence. Id. (citing Johnston v. Marsh, 227 F.2d 528 (3d Cir. 1955) and Boyer v. City of Orlando, 402 F.2d 966 (5th Cir. 1968)). See also Singleton v. Piazza, No. 05-cv-6685, 2006 WL 2520581, at *2 (E.D. Pa. Aug. 25, 2006).

Here, Petitioner fails on both prongs. For the reasons stated in the Report and Recommendation filed contemporaneously herewith, Petitioner has not shown a likelihood of success. Moreover, Petitioner has not demonstrated that extraordinary circumstances exist. See, e.g., ECF No. 10-1 at 89 (maximum date of Petitioner's sentence is June 27, 2031). Accordingly, Petitioner's Motion for Bail, ECF No. 17, is DENIED.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.

Failure to file a timely appeal will constitute a waiver of any appellate rights.

Dated: September 19, 2023

BY THE COURT:

_____
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: The Hon. David S. Cercone
United States District Judge

Kai Di Ingram
HC 8003
SCI Greene
169 Progress Drive
Waynesburg, PA 15370

All counsel of record (*via* CM/ECF)