**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KAI DI INGRAM, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 23-565 |
| | ) | |
| v. | ) | District Judge David S. Cercone |
| | ) | Magistrate Judge Maureen P. Kelly |
| PBPP; *and* MICHAEL ZAKEN, | ) | |
| | ) | Re: ECF No. 19 |
| Respondents. | ) | |

**<u>MEMORANDUM and ORDER</u>**

Petitioner Kai Di Ingram ("Petitioner") is a state prisoner currently incarcerated at the State Correctional Institution at Greene ("SCI-Greene") in Waynesburg, Pennsylvania. Petitioner initiated the present federal habeas proceeding by submitting a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. 2254 (the "Petition") on April 5, 2023. ECF No. 1. The Petition formally was field on April 20, 2023, after Petitioner paid the filing fee. ECF Nos. 3 and 6. Respondents Answered the Petition on May 30, 2023. ECF No. 10. Petitioner filed a Traverse on July 12, 2023. ECF No. 16.

On September 19, 2023, United States Magistrate Judge Maureen Kelly issued a Report and Recommendation recommending that the Petition be denied, and that a certificate of appealability be denied as well. ECF No. 19 at 1. In addition to the above filings, the Report and Recommendation explicitly considered arguments and exhibits submitted on August 22, 2023, in Petitioner's Motion for Bail and supporting brief, ECF Nos. 17 and 18.

Petitioner timely filed Objections on November 1, 2023. ECF No. 23. The Objections are lengthy, and largely rehash Petitioner's prior filings in this matter, which were addressed by the Magistrate Judge in the Report and Recommendation. However, out of an abundance of caution, the undersigned will respond to some of the arguments asserted in the Objections.

First, Petitioner appears to argue that any default of claims regarding his arrest and preliminary hearing for his parole violation in February and March of 2021, should be set aside because he was deprived of the legal documents necessary to appeal from the same.  ECF No. 23 at 4-5.  This would relate to Grounds One and Two in the Petition.  ECF No. 6 at 1 and 2.

Presuming, without deciding, that any default of these grounds should be set aside for the reasons set forth by Petitioner in his Objections, they still fail on the merits.  Indeed, as the Magistrate Judge explicitly recognized in the Report and Recommendation, see ECF No. 19 at 2 n.1, the Court of Appeals already addressed the constitutionality of Petitioner's arrest and preliminary hearing in Ingram v. SCI Smithfield, and determined that the Fourth and Fourteenth Amendments had been satisfied.  No. 22-1541, 2023 WL 110588, at *1-2 (3d Cir. Jan. 5, 2023).  This Court concurs with the analysis of the Magistrate Judge for the reasons stated by the Court of Appeals in that case.  Regardless of whether they are procedurally defaulted, Grounds One and Two of the Petition fail on the merits.

Second, Petitioner claims that the Magistrate Judge asserted that Petitioner should have waived his right to counsel in order to administratively appeal the recission of his automatic re-parole date.  ECF No. 23 at 36.  This is a mischaracterization of the Report and Recommendation.  Instead, in determining that Petitioner had not established cause to set aside his default of that claim, the Magistrate Judge wrote the following:

> Here, Petitioner does not provide an adequate basis to excuse his procedural default.  First, Petitioner has not demonstrated cause. Petitioner alleges that the Notice of May 12, 2021 was delivered to him without the appeal form and contact information for the various chief public defenders in Pennsylvania.  However, this Notice – which there is no dispute that Petitioner actually received – informed Petitioner of the reasons that his reparole was rescinded; the relevant statute governing administrative appeals (37 Pa. Code § 73); the deadline for filing an appeal with the Board (30 days from the date on which the Notice was mailed); the

2

substantive requirements for an appeal; Petitioner's right to an attorney; and that he may be entitled to representation by the public defender at no cost.  ECF No. 10-1 at 92-23; ECF No. 6 at 3.  There is no indication that he was precluded from filing an appeal on a blank sheet of paper, or from seeking out representation on his own.

Further, to the extent that Petitioner wanted a new copy of the official form on which to draft an appeal, or needed the contact information for the relevant public defender, there is no indication on the record that he ever sought these out from prison staff, of from any other source.  While the record indicates that Petitioner sought his own legal property from prison staff, ECF No. 16-1 at 51-57 and ECF No. 18-1 at 1-2 (responses and grievances relating to Petitioner's legal materials – including those related to his parole – from Petitioner's personal property dated May 4, 2021 (prior to the Board's Notice), May 21, 2021, and June 10, 2021), there is no indication on the record that he ever requested these forms from the prison law library, or from other prison staff, or from the Board.

Moreover, during the period of time that Petitioner could have requested these forms, or prepared an appeal on a blank sheet of paper, or attempted to contact the relevant public defender's office, Petitioner submitted at least four letters, three motions, and set of service papers to this Court in Civil Action No. 21-359.  ECF Nos. 8-19, SCI Smithfield, No. 21-359.  It also appears that Petitioner had outside help with his legal filings from his sister during this period of time.  ECF No. 15 at 2, SCI Smithfield (indicating that Petitioner was in contact with his sister, who was assisting Petitioner with his legal filings).  Thus, Petitioner has not shown that an "objective factor external to the defense" precluded him from filing an administrative appeal with the Board.

ECF No. 19 at 11-12.

This analysis, taken ahs a whole, is persuasive.  Petitioner has not established cause to set aside his procedural default.

Third, Petitioner posits that another judge has found that Petitioner had stated a valid retaliation claim against Lt. Lynch in another case.  ECF No. 23 at 47-48.  This presumably refers to the Report and Recommendation at ECF No. 34 of Ingram v. Davis, No. 22-42 (W.D. Pa. currently pending), in which United States Magistrate Judge Dodge recommended not

dismissing a First Amendment retaliation claim against Lt. Lynch for allegedly stealing a box of legal materials related to Ingram v. SCI Smithfield et al., No. 21-cv-359.  Id. at 15-16.

But this was not a finding that Petitioner had stated a claim against Lt. Lynch for the misconduct of April 16, 2021, which ultimately resulted in the loss of Petitioner's automatic reparole date.  Instead, Judge Dodge found that any retaliation claims related to the misconduct charge and subsequent hearing were barred by the Supreme Court's holding in Heck v. Humphrey, 512 U.S. 477 (1994).  Ingram v. Davis, No. 22-42 (W.D. Pa. currently pending), ECF No. 34 at 11-15.

In any event, Petitioner's claims with respect to the recission of his automatic reparole date are procedurally defaulted for the reasons stated in the present Report and Recommendation. ECF No. 19 at 8-13.

Finally, with respect to the Board's continued decisions to deny parole, the Board allegedly asked Petitioner about the status of his actions pending in the Courts during an interview on July 24, 2023.  ECF No. 23 at 23-24.  But as Petitioner acknowledges in his Objections, this was not a basis asserted for denial of parole by the Board on July 26, 2023.  Id. at 23-24.  See also ECF No. 19 at 7 (citing ECF No. 18 at 12-13, in which Petitioner also stated that "Reports, evaluations and assessment / level of risk to the community" was an additional basis for denial asserted by the Board but not recited in Petitioner's Objections.).

Here, this Court agrees that Petitioner has not met his burden to show that the Board's decision to deny parole on July 24, 2023 shocked the conscience, or lacked "some basis for the challenged decision."  Hunterson v. DiSabato, 308 F.3d 236, 246 (3d Cir. 2002).

Accordingly, after *de novo* review of the pleadings and documents in the case, together with the Petition, ECF No, 6, the Report and Recommendation, ECF No. 19, and Petitioner's Objections thereto, ECF No. 23, the following order is entered:

AND NOW, this 7th day of February, 2024,

IT IS ORDERED that [23] Petitioner's Objections are OVERRULED;

IT FURTHER IS ORDERED that [6] the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. 2254 is DENIED.   The concomitant request for a certificate of appealability is DENIED; and

The Magistrate Judge's Report and Recommendation, ECF No. 19, as supplemented by this Memorandum and Order, is adopted as the opinion of this Court.


<u>s/David Stewart Cercone</u>
David Stewart Cercone
Senior United States District Judge


cc:    The Hon. Maureen P. Kelly
United States Magistrate Judge

All counsel of record

*(Via CM/ECF Electronic Mail)*

Kai Di Ingram
HC 8003
SCI Greene
169 Progress Drive
Waynesburg, PA 15370

*(Via United States Postal Service mail)*